UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV19-07251 JAK (AFMx) | Date | September 30, 2020 |
| Title | Charles J. Jones v. Melissa Gilliland Jones, et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| Patricia Blunt | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER TO SHOW CAUSE RE SUBJECT MATTER JURISDICTION**

Charles Jones ("Plaintiff") brought this action on August 11, 2019, advancing 11 causes of action against four named defendants. Dkt. 1. Plaintiff has amended his complaint twice, and the operative complaint (the "SAC") now advances only a single cause of action for declaratory relief under the Declaratory Judgment Act, 28 U.S.C. § 2201, and names only one defendant, Melissa Gilliland (Jones) ("Defendant"). *See generally* Dkt. 75. The SAC seeks a declaration that a Decree of Divorce issued by the Chancery Court for Wilson County, Tennessee (the "Divorce Decree"), is void. *Id.* ¶¶ 46-62. The SAC also seeks injunctive relief against any enforcement of the Divorce Decree, nominal damages of $50,000, compensatory damages of $500,000, punitive damages of $1,000,000, and attorney's fees and costs. *Id.* at 12-13.

On June 15, 2020, Defendant filed a Motion to Dismiss (the "Motion"). Dkt. 76. Plaintiff opposed the Motion (the "Opposition"). Dkt. 77. Defendant replied (the "Reply"). Dkt. 79. In support of the Motion, Defendant asserts, *inter alia*, that the Court should decline to exercise jurisdiction under the Declaratory Judgment Act. However, it does not address whether there is subject matter jurisdiction over this action.

A federal district court is one of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Therefore, a determination of subject matter jurisdiction must be made before the merits of a case can be addressed. *Steel Co. v. Citizens for a Better Env't.*, 523 U.S. 83, 94 (1998). The Declaratory Judgment Act does not itself confer federal subject matter jurisdiction. *Fidelity & Cas. Co. v. Reserve Ins. Co.*, 596 F.2d 914, 916 (9th Cir. 1979); *Nationwide Mut. Ins. Co. v. Liberatore*, 408 F.3d 1158, 1161 (9th Cir. 2005). Thus, Plaintiff is required to plead an independent basis for federal jurisdiction. *Nationwide Mut. Ins. Co.*, 408 F.3d at 1161. Federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

> For a case to 'arise under' federal law, a plaintiff's well-pleaded complaint must establish either (1) that federal law creates the cause of action or (2) that the plaintiff's asserted right to relief depends on the resolution of a substantial question of federal law. Federal jurisdiction cannot hinge upon defenses or counterclaims, whether actual or anticipated.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV19-07251 JAK (AFMx) | Date | September 30, 2020 |
| Title | Charles J. Jones v. Melissa Gilliland Jones, et al. | | |

*K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1029 (9th Cir. 2011). Federal courts also have original jurisdiction over civil actions in which there is "diversity of citizenship." 28 U.S.C. § 1332. Diversity jurisdiction exists only where a civil action is between citizens of different states, and the amount in controversy exceeds $75,000. *Id.* Complete diversity of citizenship is required: "the citizenship of each plaintiff [must be] different from that of each defendant." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009).

The SAC alleges jurisdiction under 28 U.S.C. §§ 1331 and 1343, but its factual allegations do not expressly state a claim under federal law or depend on the resolution of a substantial question of federal law. The allegations as to federal law are limited to the conclusory statement that enforcement of the Divorce Decree violates the Fourteenth Amendment. Dkt. 75 ¶ 58. However, the SAC does not allege any facts that support this statement.

Plaintiff also alleges diversity jurisdiction under 28 U.S.C. § 1332. However, diversity jurisdiction does not apply to a case whose principal issue concerns domestic relations. *See Atwood v. Fort Peck Tribal Court Assiniboine*, 513 F.3d 943, 947 (9th Cir. 2008). "[T]he domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." *Harper v. Farkas*, No. CV 18-10436 DDP (AGRx), 2019 WL 95132, at *6 (C.D. Cal. Jan. 3, 2019) (quoting *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992)). "Diversity suits for divorce, alimony or child custody decrees fall outside federal jurisdiction." *Id.* Because this action seeks to declare the Divorce Decree void, it falls within the domestic relations exception to diversity jurisdiction. "Although the [domestic relations] exception is narrow, it is clearly applicable where . . . a party seeks modification of a divorce decree." *Brown v. D.C.*, 113 F.3d 1245 (10th Cir. 1997) (affirming district court's sua sponte dismissal of an action that sought a declaration, pursuant to the Declaratory Judgment Act, that a divorce decree was void). In addition, although the sole cause of action is for declaratory relief, the prayer for relief seeks $50,000 in nominal damages, $500,000 in compensatory damages and $1,000,000 in punitive damages. Dkt. 75 at 12-13. The SAC does not explain or allege a basis for these claims.

Finally, the Supreme Court has held that district courts do not have jurisdiction "over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983). Federal review of such decisions may be undertaken only by the Supreme Court pursuant to 28 U.S.C. § 1257. *D.C. Court of Appeals*, 460 U.S. at 496.

As noted, the party seeking to invoke the Court's jurisdiction bears the burden of establishing it. *Kokkonen*, 511 U.S. at 377. For the reasons stated, the SAC fails to meet these standards as currently presented. Accordingly, this Order to Show Cause re Subject Matter Jurisdiction is issued. On or before October 5, 2020, each party shall submit a brief, not to exceed seven pages, that addresses whether there is subject matter jurisdiction over this action. Upon receiving these briefs, a determination will be made as to whether a hearing on the jurisdictional issue is necessary or if the matter will be taken under submission. In light of this process, the hearing on the Motion is **DEFERRED** and the present hearing scheduled for October 5, 2020, is taken off calendar. If it is determined that there is subject

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV19-07251 JAK (AFMx) | Date | September 30, 2020 |
| Title | Charles J. Jones v. Melissa Gilliland Jones, et al. | | |

matter jurisdiction, a new hearing date will be set for the Motion, or it will be taken under submission. If it is determined that there is not subject matter jurisdiction, this action will be dismissed and the Motion will become moot.

**IT IS SO ORDERED.**

                                                          : 00

Initials of Preparer     PB